### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. ___1:21-mj-03183-Reid___

**UNITED STATES OF AMERICA**

**vs.**

**JUAN DE LEON BERROA,**
**FRANCISCO NAVARRO REYES, and**
**JAIRO REYES,**

**Defendants.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? __ Yes   X   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes   X   No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? __ Yes   X   No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: _____

RICHARD E. GETCHELL
Assistant United States Attorney
FLA. BAR NO. 817643
11200 N.W. 20th Street
Miami, Florida 33172
(305) 715-7647
(786) 564-9126 (cell)
Richard.getchell@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  1:21-mj-03183-Reid |
| JUAN DE LEON BERROA, | ) | |
| FRANCISCO .NAVARRO REYES, and | ) | |
| JAIRO REYES, | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___June 10, 2021___, upon the high seas and elsewhere outside the jurisdiction any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). |
| Title 46, United States Code, Section 70503(a)(1) | Possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1). |

This criminal complaint is based on these facts:

### SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO Marcelino Mariabello
_____
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date:  June 17, 2021
_____
*Judge's signature*

City and state:  Miami, Florida

Lisette M. Reid, United States Magistrate Judge
_____
*Printed name and title*

<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Marcelino Mariabello, being duly sworn, hereby depose and state as follows:

<u>INTRODUCTION AND AGENT BACKGROUND</u>

1.      I am employed as a Detective with the City of Sunny Isles Beach Police Department and have served in this capacity since February 2008.  I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2017.  As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code.  I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations.  Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2.      The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief.  Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3.      This Affidavit is submitted for the limited purpose of establishing probable cause that   **JUAN DE LEON BERROA ("BERROA"), FRANCISCO NAVARRO REYES**

("**NAVARRO REYES**"), and **JAIRO REYES** ("**REYES**") did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b), and did knowingly and intentionally possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1).

## PROBABLE CAUSE

4.     On or about June 10, 2021, while on patrol in the area of the Caribbean Sea, *HNLMS HOLLAND* with embarked law enforcement detachment ("**LEDET**") 101 located a northbound target of interest ("**TOI**") operating approximately 139 nautical miles south of Santo Domingo, Dominican Republic, in international waters.   Members onboard observed the go fast vessel ("**GFV**") had three persons onboard, was equipped with two outboard engines and had no navigation lighting.   To investigate further, HNLMS HOLLAND launched their two smaller vessels identified as **FRISC 1** and **FRISC 2** both with a Boarding Team (BT) to intercept the GFV.

5.     The GFV, which had no indicia of nationality, refused to stop or comply with lawful commands. HNLMS HOLLAND shifted tactical control ("TACON") to D7 for law enforcement (LE) action.   D7 granted a statement of no objection (SNO) for a right of visit (ROV) boarding, to stop a non-compliant vessel, including warning shots and disabling fire on a go-fast vessel (GFV), reasonably suspected of drug smuggling, displaying no indicia of nationality, and located in international waters.

6.     **FRISC 2** arrived on scene and witnessed the GFV crewmembers jettison

2

approximately 20 packages into the water as they continued to flee.   As FRISC 2 remained at the jettison field to recover the packages, FRISC 1 continued to pursue.   FRISC 1 crewmembers dispersed warning shots, which were ineffective and then employed disabling fire, which were ultimately effective causing the vessel to become dead in the water.   Once dead in the water ("DIW"), the GFV began taking on water and as a result, USCG LEDET 101 members removed the GFV crewmembers from the sinking vessel, these crewmembers are identified as **JUAN DE LEON BERROA ("BERROA") a Dominican national, FRANCISCO NAVARRO REYES ("NAVARRO REYES") a Dominican national, and JAIRO REYES ("REYES") a Colombian national**.

7.      When questioned by members of LDET 101, BERROA identified himself as the master of the vessel and made a verbal claim of Dominican Republic as the vessel's nationality. The Government of the Dominican Republic could neither confirm nor deny registry of the vessel. Authorization was granted to treat the vessel as one without nationality and, therefore, subject to the jurisdiction of the United States.

8.   The Boarding team on FRISC 1 recovered a total of 21 bales totaling an at-sea-weight of 639 kilograms.   An IONSCAN, which is a system used for the detection and identification of trace amounts of narcotics, was done on the recovered bales and yielded positive results for cocaine.

9.   **BERROA, NAVARRO REYES and JAIRO REYES** were detained and transferred to United States Coast Guard Cutter ("USCGC") HARRIET LANE and turned over to DEA in the District of Puerto Rico on June 17, 2021.

10.      Based on my training and experience, and that of other officers involved in this

3

investigation, I know that maritime smugglers transporting large quantities of cocaine intend to distribute the contraband to others at the end of their journey.

<u>**CONCLUSION**</u>

11.     Based upon the information provided above, I respectfully submit that probable cause exists to believe that **BERROA, NAVARRO REYES and JAIRO REYES** did knowingly and willfully conspire to possess with intent to distribute five   kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b), and did knowingly and intentionally   possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
MARCELINO MARIABELLO
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the
requirements of Fed.R.Crim.P. 4.1 by FaceTime
this  17th  th day of June 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4